UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:01CV1694(CFD) |
| | : | |
| JAIME C. SANTIAGO | : | |

## RULING AND ORDER

On August 1, 2001, the petitioner filed a petition for removal of his state criminal case to federal court. On October 25, 2001, the Court issued an Notice advising the petitioner that he must submit a prisoner authorization form and a ledger sheet showing at least six months of transactions in his prisoner account. The court cautioned the petitioner that failure to submit the ledger sheet and authorization form within thirty days of the date of the notice would result in dismissal of the petition for removal. The petitioner failed to correct the deficiencies and on December 3, 2001, the court entered judgment dismissing the case. On June 9, 2005, the petitioner moved to reopen this case. For the reasons stated below, the motion to reopen is denied.

Rule 60(b), Fed. R. Civ. P., provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;(3) fraud . . . misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged . . .; or (6) any other reason justifying the relief from the operation of judgment." Rule 60(b), Fed. R. Civ. P. Any motion pursuant to subsections (1), (2) or (3), however, must be filed not more than one year after the entry of judgment. The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

The petitioner fails to indicate why he did not comply with the court's notice of insufficiency and fails to include a ledger sheet or authorization form with his motion. In addition, it is apparent that the petition for removal is now moot in light of the fact that petitioner's state criminal case is no longer pending in state court. See State v. Santiago, 74 Conn. App. 736, 813 A.2d 1068 (2003). The petitioner has recently filed a petition for writ of habeas corpus in this court challenging his conviction in the state criminal case. (See Santiago v. Gomez, et al., Case no. 3:05cv979(AVC)). Accordingly, the plaintiff's Motion to Reopen [**doc. # 6**] is **DENIED**.

**SO ORDERED** this 5th day of December, 2005, at Hartford, Connecticut.

/s/ CFD
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE